UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HAMID ABDULIMAM AL
NASSAR,

        Petitioner,

    v.                                                      Case No.:  2:26-cv-01008-SPC-NPM

WARDEN, SOUTH FLORIDA
DETENTION FACILITY,

        Respondent,

_____/

## OPINION AND ORDER

Before the Court are petitioner Hamid Abdulimam Al Nassar's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 13). For the below reasons, the Court grants the petition.

Al Nassar is a native of Iraq who entered the United States as a refugee on September 24, 1996.  In 2003, he was convicted of trafficking in stolen property and delivery of drug paraphernalia.  On October 31, 2003, he was issued a notice to appear, and he was transferred to Immigration and Customs Enforcement ("ICE") custody in March 2004.  On May 4, 2004, an immigration judge terminated removal proceedings so the parties could perform the medical examination required for Al Nassar to renew his application for adjustment of status.

On July 20, 2004, Al Nassar received another notice to appear, charging him with a controlled substance violation. An immigration judge denied Al Nassar's applications for adjustment, withholding of removal, and Convention Against Torture relief and ordered him removed on October 28, 2004. On February 15, 2005, ICE released Al Nassar on an order of supervision while it sought to procure a travel document. He has since been convicted of petit theft and marijuana possession. ICE took him back into custody on June 14, 2017, and released him on bond about a year later.

On October 16, 2025, Al Nassar was arrested for petit theft. He transferred to ICE custody on December 17, 2025. He is currently detained at Alligator Alcatraz. AL Nassar challenges the legality of his detention because his removal is not reasonably foreseeable.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01

(2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government argues Al Nassar's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention begins each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the

removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Al Nassar has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE has been unable to remove him since 2004, despite apparent efforts, and Iraq still will not accept him for repatriation. The burden thus shifts to the government, but it makes no attempt at rebuttal.

The Court finds no significant likelihood Al Nassar will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Al Nassar to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Hamid Abdulimam Al Nassar Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Al Nassar within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record